**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEWAYNE ANTOINE ANDERSON,

     Plaintiff - Appellant,

v.

NAOMI ARNOLD; TRINIDAD
BALDERAS,

     Defendants - Appellees.

No. 17-3186
(D.C. No. 6:16-CV-01376-JTM-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Dewayne Anderson appeals the district court's dismissal of his action against

Wichita police officers Naomi Arnold and Trinidad Balderas. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

**I**

Anderson alleges that Arnold used excessive force against him following a

traffic accident. When Arnold arrived on the scene, she asked for Anderson's license

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and insurance information.  But when Anderson reached for his wallet, Arnold brandished a taser and told him to remove his hand from his pocket.  Anderson thought the taser was a gun and said, "Don't shoot."  Arnold threatened to tase Anderson unless he turned around to face her.  She then placed her hand on her gun. After another officer arrived on scene, Anderson was handcuffed and placed in a police car, where he remained for approximately thirty minutes before he was escorted to an ambulance.  Anderson claims that his treatment constituted unnecessary use of force and that he was denied speedy access to medical treatment for the injuries he incurred in the car accident.

## II

"We review de novo the district court's granting of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."  Slater v. A.G. Edwards & Sons, Inc., 719 F.3d 1190, 1196 (10th Cir. 2013).  To survive a motion to dismiss, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations, citation, and brackets omitted).

We hold that the district court correctly dismissed Anderson's complaint. Claims of excessive force are analyzed under the objective reasonableness standard

of the Fourth Amendment.  Graham v. Connor, 490 U.S. 386, 395 (1989).  Anderson does not claim that Arnold had any physical contact with him.  Although Arnold brandished a taser, she did not tase Anderson.  Further, the neck injuries that Anderson endured were caused by the traffic accident, not a police officer.  These facts do not suffice to state a claim of excessive force, as they do not indicate that Anderson suffered an "actual injury that is not de minimis, be it physical or emotional."  Cortez v. McCauley, 478 F.3d 1108, 1129 (10th Cir. 2007).

## III

**AFFIRMED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge